IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JORDAN MURPHY, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-3126 |
| TIMOTHY S. STEWART, | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Jordan Murphy, a federal inmate who was confined at the Federal Correctional Institution in Cumberland, Maryland at the time he initiated this action,[1] filed this habeas action pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons has failed to properly calculate his sentence. ECF No. 1. Respondent Timothy S. Stewart,[2] the Warden of FCI-Cumberland, through counsel, moves for dismissal, or in the alternative, for summary judgment, arguing that Murphy's sentence has been properly calculated. ECF No. 5. Murphy has responded, as well as sought leave to amend his petition. ECF No. 12. A hearing is not needed

---

[1] Murphy subsequently was transferred to a Federal Correctional Institution McDowell, located in West Virginia. ECF No. 6. The Fourth Circuit previously has held that in a § 2241 habeas action "[j]urisdiction is determined at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished); *see also Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change."); Because Murphy was located in Maryland at the time he commenced this action, this district remains the appropriate jurisdiction.

[2] "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Therefore, insofar as Murphy filed the Petition against "Director and Mid-Atlantic Regional Director of the Federal Bureau of Prisons," it shall be dismissed. Stewart, also, does not have custody over Murphy at this time, yet he has not moved for dismissal on that basis. In any event, Murphy's claims are not meritorious against Stewart or his current custodian, given that, as discussed in this Memorandum Opinion, his federal sentence was calculated properly.

to resolve the case. *See* Loc. Rule 105.6 (D. Md. 2016). Murphy's request to amend IS GRANTED, and his allegations in his motion for leave to amend are accepted as a supplement to his petition. Nonetheless, because the undisputed evidence shows that Murphy's sentence was calculated correctly, Respondent's motion, treated as one for summary judgment, shall be granted and the petition shall be DENIED.

The material facts are not in dispute. On January 10, 2012, Murphy was arrested by Allegheny County, Pennsylvania authorities on firearm charges. Johnson Aff. ¶ 4, ECF No. 5-2; Johnson Aff. Exs., ECF No. 5-2, at 7 (Commonwealth of Pa. Ct. of Common Pleas of Allegheny Cty. Docket Sheet for Case No. CP-02-CR-2972-2012). He was sentenced on December 17, 2012, by the Court of Common Pleas of Allegheny County to a 2-4 year term of confinement. Murphy Aff. & Supp. 2; Johnson Aff. ¶ 5; Johnson Aff. Exs., ECF No. 5-2, at 23 (Order to Release on Parole).

On May 8, 2013, while in the custody of Pennsylvania authorities serving his state sentence, he was released temporarily to the United States Marshal pursuant to a writ issued by the United States District Court for the Western District of Pennsylvania in Case Number 2:13-cr-00060-CB. Murphy Aff. & Supp. 2, ECF No. 1-1; Johnson Aff. ¶ 6; Johnson Aff. Exs., ECF No. 5-2, at 11 (Writ of Habeas Corpus Ad Prosequendum); *id.* at 13 (USM-129 Individual Custody/Detention Report).

On July 15, 2014,[3] he was sentenced by the United States District Court for the Western District of Pennsylvania to a 100 month term of confinement "with credit for time served on any

---

[3] There is an error in the affidavit filed by Correctional Programs Specialist J.R. Johnson, which is repeated in Respondent's memorandum; it states that Murphy was sentenced on November 8, 2016. Johnson Aff. ¶ 7; *see also* 5-1 at p. 2. Murphy asserts, and the record evidence demonstrates, that Murphy was in fact sentenced on July 15, 2014. Murphy Aff. & Supp. 2; Johnson Aff. Exs., ECF No. 5-2, at 16 (Judgment in Criminal Case No. 2:13-cr-0060-CB); ECF

federal detainer." Murphy Aff. & Supp. 2; Johnson Aff. Exs., ECF No. 5-2, at 16-17. The judgment specified that the sentence was to run consecutive to Murphy's Pennsylvania state sentence, which he was serving under Allegheny County docket number 02-CR-0002972 at that time. Johnson Aff. Exs., ECF No. 5-2, at 17. After his federal sentencing, Murphy was returned to Pennsylvania authorities. Johnson Aff. ¶ 8; Johnson Aff. Exs., ECF No. 5-2, at 14.

Murphy received credit toward his state sentence for the time he spent on the federal writ. Johnson Aff. Exs., ECF No. 5-2, at 13-14; *id.* at 25 (email dated August 16, 2016 between BOP and State of Pennsylvania). Pennsylvania granted Murphy parole to his federal detainer on April 13, 2015. Murphy Aff. & Supp. 2; Johnson Aff. ¶ 9; Johnson Aff. Exs., ECF No. 5-2, at 23 (Order to Release on Parole). He remained in state custody until April 17, 2015, when he was released to the U.S. Marshals pursuant to 18 U.S.C. § 3585(a) for service of his federal sentence. Johnson Aff. ¶ 9; Johnson Aff. Exs., ECF No. 5-2, at 14.

Murphy's federal sentence has been computed by the BOP as commencing on April 17, 2015, the date he was received into exclusive federal custody. Johnson Aff. ¶ 10; Johnson Aff. Exs., ECF No. 5-2, at 27-28 (SENTRY Sentence Monitoring Computation Data). He has been credited for prior custody from April 14, 2015 (the day after he completed his state sentence) to April 16, 2016 (the day before his federal sentence commenced). Johnson Aff. ¶ 10; Johnson Aff. Exs., ECF No. 5-2, at 27-28.

## Standard of Review

I have considered Respondent's exhibits in support of his motion, which include public records, as well as an affidavit and email correspondence. Johnson Aff. & Exs., ECF No. 5-2. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not

---

No. 5-2, at p. 13-14 (USM-129 Individual Custody/Detention Report); *id.* at 27 (SENTRY Sentence Monitoring Computation Data).

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

### Analysis

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); *see also United States v. Stroud*, 584 Fed. App'x 159, 160 (4th Cir. 2014) (holding Attorney General, through the BOP, responsible for computing sentencing credit for time in detention prior to sentencing). Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive to

any sentence already imposed. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Section 3585(b) governs credit for time spent in custody before the sentence begins. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The statute clearly establishes that a defendant is not entitled to "double credit for his detention time," that is, he cannot receive credit toward both an existing state sentence and a federal sentence at the same time. *Wilson*, 503 U.S. at 337.

Notably, when "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first"—here, Pennsylvania—"acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC-13-795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)). And, primary jurisdiction is not relinquished merely because a defendant is borrowed from the custody of the state via a writ of habeas corpus *ad prosequendum* for purposes of conducting criminal proceedings. *Evans*, 159 F.3d at 912 (noting that "[t]his rule derives from the fact that the federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities"). Thus, when, as here, "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of

5.

the state obligation.'" *Dickens*, 2014 WL 858977, at *2 (quoting *Evans*, 159 F.3d at 912). To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal sentence." *Trowell v. Beeler*, 135 Fed.App'x 590, 594 (4th Cir. 2005).

Murphy was first arrested by Pennsylvania state authorities on January 10, 2012. Thus, Pennsylvania established primary jurisdiction over him. While serving his state sentence, he was taken into temporary custody by federal authorities on May 8, 2013, for the purpose of federal criminal proceedings. Primary jurisdiction during his time was not relinquished from Pennsylvania; rather federal authorities merely "borrowed" Murphy to complete the prosecution of his pending federal case. Murphy continued to receive state credit for serving his state sentence during this time, until the expiration of his state sentence via parole on April 13, 2015. Significantly, the Judgment statement explicitly that Murphy's federal sentence would run consecutive to his state sentence. Thus, even though the federal judge stated that Murphy would receive federal credit for that time, in accordance with 18 U.S.C. § 3585(b), Murphy cannot receive credit for this time toward his federal sentence, because he received state credit, and that would constitute impermissible double credit for the same time period. Murphy has received all the prior custody credit to which he was entitled.

Consequently, the Petition will be denied and Respondent's Motion for Summary Judgment shall be granted. A separate order follows.

_____    _____ 7/5/2018
Date                         Paul W. Grimm
                             United States District Judge